# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

IN THE MATTER OF: RIEKO SHEPHERD, ESQ.  MOTION FOR EXTENSION PURSUANT TO RULE 311(G)     :    No. 24 WM 2025

: 

: 

: 

: 

: 

: 

## DISSENTING STATEMENT

**JUSTICE WECHT**

I note my dissent from the Court's decision to grant the Motion for Extension of Admission to Practice Law Pursuant to Pa.B.A.R. 311(g).  I remain in the same position I expressed in my Dissenting Statement filed at 101 WM 2024 (attached as Exhibit A) and my Dissenting Statement to the grant of reconsideration filed at 5 WM 2025 (attached as Exhibit B).

Pa.B.A.R. 311(g) provides that extensions may be granted to the limited admission available pursuant to Rule 311 "for good cause shown."  "Good cause" in these circumstances must demonstrate why the attorney could not obtain admission to the Pennsylvania bar within the thirty-month limited admission that Rule 311 provides.  As in the prior cases, I would uphold that requirement here and deny the motion.

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| IN THE MATTER OF: BEULAH AGBABIAKA   MOTION FOR EXTENSION PURSUANT TO RULE 311 | : | No. 101 WM 2024 |
|---|---|---|
| | : : : : : | |

**DISSENTING STATEMENT**

**JUSTICE WECHT**

Attorneys admitted to practice in this Commonwealth under Rule 311 of the Pennsylvania Bar Admission Rules are authorized to do so for a period of thirty months; extensions are available only "for good cause shown."  Pa.B.A.R. 311(g).  The applicant here having failed to explain why thirty months' notice was insufficient, I would decline to grant an extension of the deadline provided by our Rules.

Justice Mundy joins this dissenting statement.

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| IN THE MATTER OF: TAYLOR DE LAVEAGA, ESQUIRE MOTION FOR EXTENSION PURSUANT TO RULE 311(G) | : : : : : : : : : | No. 5 WM 2025 |
|---|---|---|

**DISSENTING STATEMENT**

**JUSTICE WECHT**

On February 12, 2025, this Court denied Attorney De Laveaga's "Motion for Extension of Admission to Practice Law Pursuant to Pa.B.A.R. 311(g)." Now, upon Attorney de Laveaga's Application for Reconsideration, this Court has reversed that decision. I respectfully disagree.

Attorneys actively licensed in another state may seek limited admission to practice in this Commonwealth under Rule 311 of our Bar Admission Rules. Such dispensation is available only to attorneys providing legal assistance to indigent clients through a legal services program or defender's office or association.[1] These limited admissions expire after thirty months; extensions beyond thirty months are available only "for good cause shown."[2] By definition, every attorney to whom we have granted limited admission already is providing much-needed legal services to indigent clients. Therefore, a subsequent "good cause" showing for extension cannot merely repeat the previously-made averment that this is the public interest work the attorney is doing. A "good cause"

---

[1] Pa.B.A.R. 311(a).

[2] Pa.B.A.R. 311(g).

showing, rather, must specify why the attorney was unable to obtain admission to the Pennsylvania bar in the normal course within the thirty months afforded by Rule 311.

The applicant here failed to provide any explanation whatsoever of why thirty months proved to be an insufficient expanse of time within which to gain admission to our bar in either the earlier motion or the instant application.[3]  This Court should feel itself disciplined and constrained by its own Rule to deny the applicant's application for reconsideration.  That is, this Court should feel bound to enforce our own "good cause shown" provision of our own Rule 311(g).  By operation of the language that we ourselves chose, this applicant is not entitled to an extension of the deadline.  If this Court does not take its own Rules seriously, there is no reason that we should feel entitled to expect others to follow them.  If a Rule of this Court is ignored by this Court itself, we invite everyone else to ignore it.  That is hardly the message we should send to newly admitted members of our Bar, or to all of those attorneys who have worked hard to comply with our Rules when they themselves trod the bar admission path.

---

[3]  Attorney de Laveaga provided two reasons for reconsideration. First, she cited "the ever-evolving rules regarding bar admission in the wake of the unprecedented upheaval created by the COVID-19 pandemic."  Application at ¶9.  This assertion does not explain why Attorney de Laveaga could not have sought admission to the Pennsylvania bar prior to the expiration of the limited admission.  Second, Attorney de Laveaga stated that she relied upon the advice of her employer about the timing of her application for an extension.  Her employer's impression of the correct timing based upon this Court's past practice does not trump the language of Rule 311(g) and what that rule requires.